660 S.E.2d 497

TIME WARNER CABLE INFORMATION SERVICES
(SOUTH CAROLINA), LLC, Appellant

v.

PUBLIC SERVICE COMMISSION OF SOUTH CAROLINA,
Farmers Telephone Cooperative, Inc., Fort Mill telephone Co.,
Home Telephone Co., Inc., PBT Telecom, Inc., St. Stephen
Telephone Co., South Carolina Telephone Coalition, and Office
of Regulatory Staff,

Of whom

Farmers Telephone Cooperative, Inc., Fort Mill Telephone Co.,
Home Telephone Co., Inc., PBT Telecom, Inc., St. Stephen
Telephone Co., South Carolina Telephone Coalition, and Office
of Regulatory Staff are, Respondents.

No. 26466.

Supreme Court of South Carolina.

Heard Feb. 20, 2008.

Decided March 31, 2008.

Frank R. Ellerbe, III, and Bonnie D. Shealy, both of Robinson, McFadden & Moore, P.C., of Columbia, for appellant.

M. John Bowen, Jr., Margaret M. Fox, Sue–Ann Gerald Shannon, and Robert T. Bockman, all of McNair Law Firm, P.A., of Columbia, for respondents Telephone Companies and South Carolina Telephone Coalition.

Florence P. Belser and Nanette S. Edwards, both of Columbia, for respondent Office of Regulatory Staff.

Justice MOORE:

Appellant Time Warner Cable Information Services (South Carolina), LLC (hereinafter "Time Warner")[1] appeals the denial of its application for an extension of certification into new service areas. We affirm.[2]

## FACTS

Time Warner filed an application with the Public Service Commission (Commission) on October 1, 2004, requesting an amended certification for IP Voice Service, or Voice Over Internet Protocol (VoIP), that would provide telephone service using the internet to customers with residential cable subscriptions. Time Warner was providing this service in other areas pursuant to an existing tariff filed May 24, 2004. Respondents, including rural local exchange carriers (hereinafter "Rural LECs"), opposed Time Warner's application. The Commission denied the application based on a failure of proof and the circuit court affirmed.

## ISSUES

1. Did the Commission err in finding a failure of proof?
2. Did the Commission err in ruling that certification is not required to negotiate for interconnect agreements?
3. Did the Commission err in ruling on the basis of the rural exemptions?

## STANDARD OF REVIEW

On appeal, we apply a deferential standard in reviewing decisions by the Commission and will affirm a decision if supported by substantial evidence. *Kiawah Prop. Owners Group v. Public Service Comm'n*, 357 S.C. 232, 593 S.E.2d 148 (2004). The Commission's findings are presumptively correct,

---

1. This company is a limited liability member of the Time Warner, Inc., corporate family.

2. The Commission declined to rule on Time Warner's "modified application" and we do not address it here.

requiring the party challenging an order to show the decision is clearly erroneous in view of the substantial evidence on the record. *Id.*

## DISCUSSION

### 1. *Failure of proof*

█  Time Warner contends the Commission's order denying its application based on a failure of proof is arbitrary and capricious since the Commission granted it an expansion of certification in another case based on the same record.

Some procedural background is relevant here. Time Warner was originally certified as a local exchange carrier (LEC) to provide VoIP retail services in May 2004. A certificate was granted subject to a stipulation that Time Warner was seeking to serve customers only in areas where the existing LEC did not have a federal rural exemption.[3] Time Warner subsequently filed an application to expand its services into areas served by an existing LEC, ALLTELL, based on the testimony of its representative, Julie Patterson. ALLTELL did not appear to contest the application and the application was granted by order dated July 27, 2005.

Time Warner contends it was error to deny the application in the proceeding here because the application in ALLTELL, which was granted, incorporated the same testimony by Patterson given at the hearing on the application here. The record in this proceeding, however, is not limited to Patterson's testimony as it was in the uncontested ALLTELL proceeding. Here, the Rural LECs opposed the application based on testimony by their expert witnesses. These witnesses testified that allowing Time Warner's VoIP service would have an adverse impact on the affordability of rural

---

3. The rural exemption provides specific treatment for a rural LEC and is found in 47 U.S.C. § 251:

(f)(1) Exemption for certain rural telephone companies
(A) Exemption
Subsection (c) of this section [imposing certain duties including a duty to interconnect] shall not apply to a rural telephone company until (i) such company has received a bona fide request for interconnection, services, or network elements, and (ii) the State commission determines ... that such request is not unduly economically burdensome, is technically feasible, and is consistent with [other sections].

telephone service. Time Warner's residential cable customers are located in more densely populated areas and the company therefore would not be able to serve the sparsely populated areas. Rural LECs rely on revenue from the more densely populated areas to maintain affordable rates for rural subscribers. With the loss of revenue from competition in densely populated areas, Rural LECs would have to raise rates to rural subscribers who have no access to VoIP.

In light of this testimony, Time Warner's argument that the Commission's order in ALLTELL compels the grant of its application here is without merit. The record in this case supports the Commission's decision since the record includes evidence that the proposed expanded certification will adversely impact the availability of local exchange service. *See* S.C.Code Ann. § 58–9–280(B)(3) (Supp.2006).

### 2. *Interconnection agreements*

[4] Time Warner contends the Commission erred as a matter of law in holding that the company does not need certification as an LEC to obtain interconnect agreements with existing LECs in these areas. The Commission held that Time Warner "may enter into such negotiations without further approval of this Commission."

State law provides for interconnect agreements between certified LECs. Section 58–9–280(C)(1) (Supp.2006) provides:

> The commission shall determine the requirements applicable to all local telephone service providers necessary to implement this subsection. These requirements shall be consistent with applicable federal law and shall:
>
> (1) provide for the reasonable interconnection of facilities between all *certified* local telephone service providers upon a bona fide request for interconnection. . . .

(emphasis added).

Here, the Commission ruled only that certification is not required before *negotiating* for interconnect agreements. This ruling is not inconsistent with state law. Section 58–9–280(C)(1) provides that interconnect agreements may ultimately be *approved* only if between certified carriers. No approval of interconnect agreements is at issue here. Under the Commission's ruling, Time Warner therefore does not need certification as an LEC at this time for its stated purpose of

negotiating interconnect agreements. Since the Commission's order gives Time Warner permission to negotiate for interconnect agreements, there is no relief to be granted on appeal.

### 3. Waiver of rural exemptions

Time Warner complains the Commission should not have based its ruling on the company's failure to seek a waiver of the Rural LECs' rural exemption under federal law.

The Commission's order notes that Time Warner was not seeking a waiver of the Rural LECs' rural exemption under federal law. This exemption provides that a rural company need not interconnect until a bona fide request is received and the state commission finds it is not economically burdensome, is technically feasible, and otherwise complies with federal law.[4] On rehearing, however, the Commission emphasized that the rural exemptions were not dispositive of any of the issues in this proceeding. Time Warner's argument is therefore without merit.

Accordingly, the circuit court's order affirming the denial of Time Warner's application is

**AFFIRMED.**

TOAL, C.J., WALLER, PLEICONES and BEATTY, JJ., concur.